**2016 UT App 120**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DEBBRA JO CLARK,
Appellant.

Memorandum Decision
No. 20140955-CA
Filed June 3, 2016

Third District Court, West Jordan Department
The Honorable Terry L. Christiansen
No. 131401488

Lori J. Seppi and Heather J. Chesnut, Attorneys
for Appellant

Sean D. Reyes and Karen A. Klucznik, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGE MICHELE M. CHRISTIANSEN and SENIOR
JUDGE PAMELA T. GREENWOOD concurred.[1]

VOROS, Judge:

¶1     This is a shoplifting case. Surveillance video showed
defendant Debbra Jo Clark and a friend (Friend) arriving at a
supermarket together but entering the store separately. A loss-
prevention officer testified without contradiction that Clark
entered the store, picked up some picture-hanging hooks, put
them into her otherwise empty purse, and headed for the exit. At

---

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

the same time, Friend was attempting to return similar picture-hanging hooks without a receipt. At trial, Friend admitted that she had previously been convicted of theft by deception after she and Clark's boyfriend (Boyfriend) had cashed some forged payroll checks. Friend also testified that she and Boyfriend were not charged jointly. The court admitted into evidence an exhibit showing that Friend and Boyfriend had been charged jointly in the prior case. After deliberating for 26 minutes, the jury convicted Clark of retail theft, a third degree felony, and criminal trespass, a class B misdemeanor.

¶2     On appeal, Clark challenges her conviction for theft by deception. She contends that the trial court erred in admitting the exhibit under rules 402, 403, 802, 901, and 902 of the Utah Rules of Evidence and the Confrontation Clause of the United States Constitution. However, we do not consider the exhibit's admissibility, because we conclude that its admission was harmless in any event.

¶3     Clark had a history at this store. In fact, a store loss-prevention officer had previously told Clark that she was banned from entering any of the store's properties "for the rest of her life." So when the officer saw Clark walk into the store, she called the police. The officer then continued to watch Clark throughout Clark's trip through the store. She saw Clark select some picture-hanging hooks, put them in her purse, and head for the exit. Clark then saw the officer for the first time. According to the officer, Clark, with a look of "pure panic," spun around and went right back in, took everything out of her purse, and "ditched it on a shelf." When confronted by the officer, Clark said she did not know why she was at the store. The officer informed her that she had trespassed, to which Clark responded, "I didn't steal anything." When Clark opened her purse, it was completely empty, without even a wallet inside. Police arrived and arrested Clark.

¶4 Meanwhile, Friend was attempting to return some medication for which she had receipts, and some picture-hanging hooks for which she had no receipt. The loss-prevention officer questioned but released Friend, telling her never to come back.

¶5 At trial, Friend was the only defense witness. She testified that she and Clark had gone to the store to buy food for dinner and that she had entered the store first because Clark needed to settle her dog in the car before going inside. On cross-examination, the prosecutor asked Friend about an unrelated incident in which Friend and Boyfriend had been prosecuted for passing forged payroll checks. Friend acknowledged that she had pled guilty to theft by deception in connection with that incident.

¶6 None of the foregoing evidence is challenged on appeal. Clark's challenge goes only to admission of an exhibit consisting of the criminal information and arrest warrant in Friend's theft-by-deception case. At trial, the prosecutor asked Friend if she had been charged with Boyfriend. Friend said they "weren't charged together" and that there "was some mix-up in [her] court case" because they "never had trial together, never had court together." The prosecutor then offered the exhibit, which showed that Friend and Boyfriend had indeed been charged together for forgery and that Boyfriend had been "twice before convicted of Theft." At that point, the judge asked Friend, "Were you jointly charged with [Boyfriend]?" After Friend again denied that they were, the court admitted the exhibit into evidence.

¶7 Clark claims that the trial court erred in admitting the exhibit. However, an evidentiary error "cannot result in reversible error unless the error is harmful." *State v. Hamilton*, 827 P.2d 232, 240 (Utah 1992); *see also* Utah R. Evid. 103(a) ("A party may claim error in a ruling to admit or exclude evidence

only if the error affects a substantial right of the party . . . .").
"[H]armless error is an error that is sufficiently inconsequential
that there is no reasonable likelihood that it affected the outcome
of the proceedings." *State v. Evans*, 2001 UT 22, ¶ 20, 20 P.3d 888.

¶8    A claim of constitutional error stands on different footing.
If Clark had preserved her Confrontation Clause claim at trial,
and if she could establish a constitutional violation on appeal,
the burden would shift to the State to demonstrate that the error
was harmless beyond a reasonable doubt. *See State v. McCallie*,
2016 UT App 4, ¶ 12, 369 P.3d 103 (citing *Brecht v. Abrahamson*,
507 U.S. 619, 630 (1993); *Chapman v. California*, 386 U.S. 18, 24
(1967); and *State v. Calliham*, 2002 UT 86, ¶ 45, 55 P.3d 573). On
the other hand, if Clark did not preserve her Confrontation
Clause claim at trial, and must rely on the plain error doctrine on
appeal, the burden remains with her to demonstrate prejudice,
just as with ordinary, non-constitutional error. *See State v. Bond*,
2015 UT 88, ¶ 44, 361 P.3d 104 ("[W]e hold that unpreserved
federal constitutional claims are not subject to a heightened
review standard but are to be reviewed under our plain error
doctrine.").

¶9    Clark did not preserve her Confrontation Clause claim at
trial. A party may challenge an evidentiary ruling on appeal
only if the party preserved the challenge at trial by timely
objecting to the ruling on "the specific ground" asserted on
appeal. *See* Utah R. Evid. 103(a). Clark did not identify the
Confrontation Clause as "the specific ground" of any objection
at trial. She did not cite the Confrontation Clause; invoke her
right to confront the witnesses against her; cite *Crawford v.
Washington*, 541 U.S. 36 (2004), or any other well-known
Confrontation Clause case; or even mention the United States
Constitution. And although "a hearsay objection is not sufficient
to preserve a Confrontation Clause argument for appeal," *In re
D.V.*, 2011 UT App 241, ¶ 9, 265 P.3d 803, Clark did not lodge a
hearsay objection either. Because Clark did not preserve her

Confrontation Clause claim, she can prevail on appeal only under a plain error analysis. Under that analysis, as with preserved claims of non-constitutional error, she bears the burden of demonstrating prejudice. *See Bond*, 2015 UT 88, ¶ 44.

¶10    Consequently, for all her claims on appeal, Clark can prevail only by demonstrating prejudice, that is, by "showing that, absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant, or phrased differently, our confidence in the verdict is undermined." *State v. Powell*, 2007 UT 9, ¶ 21, 154 P.3d 788 (citation and internal quotation marks omitted). "In making this determination, we consider a host of factors including, among others, the importance of the [evidence] to the prosecution's case and the overall strength of the State's case." *State v. Hamilton*, 827 P.2d 232, 240 (Utah 1992).

¶11    Clark argues that admission of the exhibit unfairly prejudiced her because it "painted Clark's good friend . . . and boyfriend . . . as dishonest thieves and repeat criminals, who had stolen not just inexpensive retail items but large amounts of cash." The exhibit included Friend's full name and aliases, as well as other identifying information; it detailed the check-cashing scheme, including that Friend acted with the purpose to defraud and cashed a check for nearly $1,000; it identified the scheme as a third degree felony; and it included a probable cause statement supporting the issuance of an arrest warrant. It also included an arrest warrant stating, among other things, that the magistrate had reasonable grounds to believe that Friend would not appear on a summons. All of this evidence, Clark argues, invited the jury to find her guilty by association.

¶12    We do not agree that Clark has shown a reasonable likelihood of a more favorable outcome had the exhibit not been admitted. First, far from being important to the State's case, the exhibit was peripheral and largely cumulative. It never mentions Clark at all. It does show that Friend was engaged in unrelated

criminal activity. But Friend herself let that cat out of the bag when she described the check-cashing scheme for the jury.

¶13    In addition, beyond naming both Friend and Boyfriend in the same document, none of the aspects of the exhibit that Clark highlights on appeal were highlighted at trial. In fact, no one at trial referenced any part of the exhibit except to note that the State charged both Friend and Boyfriend and that the State charged them with a third degree felony. But Friend admitted from the start that she and Boyfriend were involved in the same check-cashing scheme. So in that respect, as Clark herself notes, the exhibit did not undermine Friend's testimony, but instead "corroborated [Friend's] testimony that she was convicted due to her involvement in the check-cashing scheme" and that Boyfriend "was involved in the same scheme." As for the third degree felony charge, at Clark's request, the court instructed the jury that Friend had been convicted of class A misdemeanor theft by deception, not third degree felony forgery. Aside from never being mentioned at trial, much of the content of the exhibit that Clark complains of on appeal appears in dense text, some of it on page four of the four-page exhibit. It strains credulity to believe that the jury spent any of its 26 minutes of deliberation combing through the fine print of this exhibit to find her guilty by association.

¶14    Besides, the jury had no need to find Clark guilty by association; the direct evidence of her guilt was strong. The loss-prevention officer, who knew Clark from prior encounters, testified as an eyewitness to every aspect of Clark's conduct supporting the retail theft charge, including the fact that Clark was carrying an empty purse. No evidence at trial controverted the officer's testimony. Only Friend testified for the defense; she claimed that Clark had come to buy "stuff for dinner." But Clark visited only the home improvement and the seasonal aisles, not the grocery section, and in any event had nothing in her purse with which to pay for groceries. Also, Friend was detained in the

act of returning picture-hanging hooks—the very sort of item that Clark had shoplifted.

¶15    On this record, the admission of an exhibit that included some information that made the defense witness look like a criminal does not undermine our confidence in the jury's verdict. Because admission of the exhibit was harmless, and because Clark did not preserve her Confrontation Clause challenge, we need not determine whether the trial court admitted the exhibit in violation of any rule of evidence or of the Confrontation Clause. We express no opinion on those questions.

¶16    The judgment is affirmed.

_____